UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLENNA COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:07-cv-234 PS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This Court remanded Plaintiff Glenna Cox's social security case because the administrative opinion denying her benefits failed to include essential findings and support from the record. Plaintiff has now submitted an application for attorneys' fees. Because I find that the government was not substantially justified in denying Plaintiff's benefits, the fee petition is granted in part.

**I. BACKGROUND**

Plaintiff Glenna Cox was involved in a horrific car accident that caused her headaches, seizures, pain, and depression. (DE 20 at 1.) She filed a claim for disability insurance benefits and supplemental income. (DE 14 at 1.) Administrative Law Judge Yvonne Stam denied her claim for benefits, finding that she was not disabled and was able to perform her past work. (DE 20 at 8-11.) The Appeals Council then denied Plaintiff's request for review, (DE 14 at 2), rendering the ALJ's decision final, 20 C.F.R. § 404.981.

On May 17, 2005, Cox filed a complaint seeking judicial review of the ALJ's decision. She argued that the ALJ improperly discounted her testimony. (DE 14 at 21-24.) Specifically, Cox contended that the ALJ failed to explain why she found Cox's testimony concerning the

seizure symptoms and her pain disorder symptoms not credible. (*Id*.) According to Cox, the ALJ should have conducted a two-step analysis for both issues: first deciding whether there was sufficient evidence to establish a medically determinable impairment and then evaluating the evidence regarding the intensity and persistence of Cox's symptoms. (*Id*. at 22 (citing 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c)).)

After thorough review of the briefing and the administrative record, I remanded Plaintiff's case because the ALJ's opinion did not adequately address the evidence concerning Cox's seizure condition. (DE 20.) The Order pointed out four specific deficiencies in the ALJ's decision. "First, the ALJ did not explain what evidence she found to be lacking or contradictory to a finding that Cox suffered frequent seizures." (*Id*. at 13-14.) It appeared that the only evidence upon which the ALJ relied was the negative EEG test results. (*Id*. at 14.) But while that evidence might indicate the absence of epileptic seizures, it did nothing to undercut Cox's argument that she suffered from conversion, or non-epileptic, seizures. (*Id*. (citing *Boiles v. Barnhart*, 395 F.3d 421, 424 (7th Cir. 2005)).) The ALJ needed to explain her decision in light of that possibility.

Second, the evidence in the record contradicted the ALJ's determination that Cox's April 2005 seizures were a unique episode. (*Id*.) Indeed, the record showed that Cox suffered another episode of seizures in June and July 2003. (*Id*.) The existence of multiple episodes belies the ALJ's characterization of Cox's 2005 seizures as unique, but the ALJ did nothing to address that fact.

Third, because Cox had a medically determinable impairment that could reasonably be expected to produce the symptoms about which she complained, the ALJ was required to take

2

Cox's non-medical evidence into consideration. (*Id*. at 14-15 (citing 20 C.F.R. § 404.1529(c); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)).) That means the ALJ could not simply discount Cox's testimony as unsupported by the medical evidence. (*Id*. at 15.) But the ALJ did not provide any further explanation for her decision to discount Cox's testimony.

Finally, the ALJ did not address the other non-medical evidence about the severity of Cox's symptoms. (*Id*. at 15.) The record contained evidence that undercut the ALJ's determination that Cox did not suffer from a debilitating seizure disorder, but the ALJ ignored it in her order. For instance, the ALJ did not address the evidence that Cox repeatedly sought medical treatment for her seizure condition from multiple doctors. (*Id*.) Nor did the ALJ address the evidence that Cox's mother was so concerned about Cox's seizures that she contacted doctors as well. (*Id*.) It was incumbent upon the ALJ to explain why she discounted this evidence. (*Id*. (citing *Indoranto*, 374 F.3d at 474).)

These four deficiencies in the ALJ's analysis led her to conclude that there were jobs that Cox could perform. But the testimony from the vocational expert indicated that there were no jobs available for a person with a seizure disorder. (*Id*. at 15-16.) The four issues discussed above suggest that the Cox does in fact suffer from a seizure disorder and is therefore entitled to disability benefits. At a minimum, the ALJ was required to confront that evidence and explain why it did not alter her conclusion. Therefore, the Court remanded the case to the ALJ for further proceedings.[1]

---

[1] With respect to Cox's argument that the ALJ failed to properly consider the impact of her pain disorder, I found no reversible error in the ALJ's decision. (*Id*. at 16-17.)

On September 16, 2008, Cox filed the present petition seeking attorney's fees under the Equal Access to Justice Act [DE 23]. The Commissioner has not responded to the motion.

## II. DISCUSSION

The EAJA provides that a litigant is entitled to recover attorney's fees if (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). On the record before me, there can be no dispute that Cox is the prevailing party, she timely filed her petition, and there are no special circumstances to make an award unjust. The only question here is whether the Commissioner's position was substantially justified.

Courts may award attorneys' fees in social security cases if either the Commissioner's pre-litigation conduct or her litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. The ALJ's decision constitutes part of the agency's pre-litigation conduct. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Id*. Thus, I may award fees in cases "where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). To satisfy this standard, a position must have "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In other words, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a

4

reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.

The Commissioner's failure to respond to the present motion is not dispositive. While the government has the burden of establishing that its position was substantially justified, *id*., the EAJA provides that fees shall be awarded to the prevailing party, "unless the court finds that the position of the United States was substantially justified," 28 U.S.C. § 2412(d)(1)(A). My determination is to be made "on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Thus, I must still review the record to make an independent judgment as to whether the government's position was substantially justified. *See Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986); *Nesvold v. Bowen*, 687 F. Supp. 443 (N.D. Ind. 1988).

Based on the specific facts of this case, I find that the Commissioner's position – specifically, the ALJ's decision – was not substantially justified. The ALJ repeatedly ignored facts favorable to Cox, and the remand order was critical of the ALJ's decision and explained four specific errors in detail. Such "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724. In addition, the ALJ failed to properly evaluate credibility and disregarded significant evidence. *See id*. For example, the ALJ did not properly assess Plaintiff's credibility in the manner necessitated by SSR 96-7p. *See e.g. Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1009 (E.D. Wis. 2004). The ALJ also failed to build a bridge between the evidence and her conclusion as is required. *See, e.g., Henderson v. Barnhart*, 349 F.3d 434, 436 (7th Cir. 2003); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

5

In sum, the ALJ did not show a reasonable basis in either fact or law to deny Cox disability benefits. The Commissioner compounded the ALJ's errors by defending them in court. Accordingly, the Commissioner has not demonstrated that his position was substantially justified, and Cox is entitled to attorney's fees.

The next issue is whether the requested attorney's fees are reasonable. This is done by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Hensley*, 461 U.S. at 434. Cox requests compensation for 24.40 hours at the rate of $166.00. As noted above, the government has not objected to this calculation. The $166.00 per hour rate is above the statutory rate of $125.00. According to counsel's affidavit, the $166.00 rate results from making the appropriate cost of living adjustments to the statutory rate, (DE 24 at 3), and I accept that rate. *See* 28 U.S.C. § 2412(d)(2)(A).

I also accept the majority of the hours for which counsel seeks compensation. They are reasonable and do not appear to be excessive. However, I question the last entry. Counsel seeks fees for 1.20 hours of work for attending a hearing on January 25, 2008. (*See* DE 25 at 2.) According the docket, there was no hearing for this matter on that date. The briefing was complete in this case on December 20, 2007, (*see* DE 19), and the next docket entry is my June 27, 2008 Order remanding the case, (DE 20). In fact, the docket does not reveal *any* hearings in this matter at all. The January 25, 2008 hours are not supported by the record and are unnecessary. Consequently, the award shall be reduced to compensate for only 23.20 hours (24.40 hours - 1.20 hours).

After re-calculating the fee petition to include the above changes, the Court finds that Cox shall be awarded $3,851.20 (23.20 hours x $166.00).

## III.  CONCLUSION

Plaintiff's Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [DE 23] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded fees in the amount of $3,851.20 to be made payable to Plaintiff's attorney, Joseph W. Shull.  A separate judgment to that effect shall be issued.

**SO ORDERED.**

ENTERED: November 7, 2008

<u>s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT