UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLENNA COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  3:07-cv-234 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Before the Court is Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406b [DE 29], which seeks $7,137.25 in attorneys' fees, a percentage of the past-due Social Security Disability Insurance benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained in detail below, I find this motion to be untimely and will therefore deny it.

## FACTUAL BACKGROUND

After being denied Disability Insurance Benefits and Supplemental Security Income in an administrative hearing, Plaintiff appealed her case to this Court on May 17, 2007. [DE 1.] On June 27, 2008, I remanded Plaintiff's case because the administrative opinion denying her benefits failed to include essential findings and support from the record. [DE 20.] On November 07, 2008, I granted in part Plaintiff's application for attorneys' fees under the Equal Access to Justice Act on the grounds that the government was not substantially justified in denying Plaintiff's benefits. [DE 26.]

On remand from this Court, Plaintiff then received a Notice of Award ("NOA") from the Commissioner in her favor. The NOA was dated December 13, 2008 and awarded Plaintiff $49,749.00 in back benefits. [DE 30-1.] The Commissioner withheld $5,300.00 of that award, which was paid to Plaintiff's counsel for representation before the Social Security Administration.

Then, on January 28, 2011 – some 776 days from the date of the December 13, 2008 NOA – Plaintiff's counsel filed the presently at-issue Motion for Attorney Fees Pursuant to 42 U.S.C. § 406b. A Section 406b motion for fees is nothing out of the ordinary, but it is uncommon to see one filed more than *two years* after the case was closed. Thus, in ordering briefing on the Motion, I asked the parties to discuss its timeliness. The Commissioner addressed the issue in its Response brief; Plaintiff's counsel, on the other hand, choose not to file any reply brief in support of his Motion and thus never addressed the issue.

## DISCUSSION

The Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

The time limitation for submitting § 406(b) motions is something of an unresolved issue. Section 406(b) does not contain any such time limitation, so ordinarily Federal Rule of Civil Procedure 54(d) would govern, which provides that motions for attorneys' fees "must be filed no

later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(d) is difficult to apply in the context of § 406(b), however, because it would mean requiring fee petitions to be filed within 14 days of entry of the district court judgment. This is an unworkable scenario when the case is remanded to the Commissioner since it will almost always take longer than 14 days for the Commissioner to reach a decision and to issue an NOA granting past-due benefits (from which any § 406(b) attorneys' fees would be derived).

The Third Circuit has resolved this issue by tolling the 14-day limit until the Commissioner issues a decision on the remanded administrative proceedings. *See Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010). The Tenth Circuit has opted for a more amorphous "reasonable time" standard under Rule 60(b). *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). While the Seventh Circuit has not yet definitively weighed in on the issue, in *Smith v. Bowen*, 815 F.2d 1152 (7th Cir. 1987) it did state that "a petition for fees under § 406(b)(1) must be brought within a reasonable time," though this decision was rendered at a time when Rule 54 imposed "no time limit apart from an implicit requirement of reasonableness." *Id.* at 1156.

All of this analysis is really academic, however, because no matter what the analytic framework applied to this case, the 776 days between the issuance of the NOA and the filing of the § 406(b) motion is *per se* unreasonable. *Cf. Garland v. Astrue*, 492 F.Supp.2d 216 (E.D.N.Y. 2007) (nine month delay was unreasonable). Plaintiff's counsel would need an extremely compelling reason for this delay to overcome its extraordinary length, and, by not filing a reply brief, he has not provided any justification, must less an extremely compelling one.

The district court in *Garland* concisely explained why filing a § 406(b) motion nine months after the issuance of an NOA was unreasonably long:

> In this decision, the court attempts to strike an appropriate balance between the interests of [an attorney] and those of his client. Clearly, social security plaintiff's attorneys make a vital contribution to advancing the interests of a vulnerable group by assisting their clients to effectively advocate their entitlement to benefits. By passing 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees. However, Congress in so doing also sought to protect claimants from excessive fees. Requiring attorneys to file under 406(b) in a reasonably timely fashion serves these interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the plaintiff is not needlessly withheld for an excessive amount of time. Under the circumstances of the case before the court, [plaintiff's attorney] simply waited too long to file his application and must therefore forfeit his entitlement to a fee.

*Garland*, 492 F.Supp.2d at 222-23 (internal citations omitted).

This same analysis applies to Plaintiff's counsel here: he waited too long to file his application and must therefore forfeit any entitlement he may have to a fee.

## CONCLUSION

Plaintiff's Motion for Attorneys' Fees [DE 29] is **DENIED**.

**SO ORDERED.**

Entered: July 11, 2011.

                                                 s/ Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT